J-S36007-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| QUINCEY ROSSER, | : | |
| | : | |
| Appellant. | : | No. 479 EDA 2017 |

Appeal from the PCRA Order, January 12, 2017,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s):  CP-51-CR-0015049-2010.

BEFORE:  GANTMAN, P.J., DUBOW, J., and KUNSELMAN, J.

MEMORANDUM BY KUNSELMAN, J.:                **FILED SEPTEMBER 18, 2018**

Quincey Rosser appeals from the order denying his first petition for relief pursuant to the Post Conviction Relief Act ("PCRA").  42 Pa.C.S.A. §§ 9541-9546.  We affirm.

In disposing of Rosser's direct appeal, this Court summarized the pertinent facts and procedural history as follows:

> On November 11, 2010, [the victim] was walking to her mother's house when she noticed two men walking behind her, who attempted to talk with her.  [The victim] ignored them.  However, one of the men behind her then grabbed her and pulled her into an alleyway.  The men then displayed a knife, threatened to kill her, and began to remove her clothes.  [The victim] struggled with her assailants, began to scream, and managed to escape, fleeing to her mother's home where she called the police.
>
> Officers William Giulian and Brian Smith of the Philadelphia Police responded to the radio dispatch and spoke with [the victim], who, although "in an emotional

state" and "distraught and crying", was able to provide a description of her assailants. Officer Giulian then communicated the description over the police radio and asked for other police units to search the area for anybody matching the description. [The victim], along with Officer Giulian, then proceeded to drive through the neighborhood to see if they could find the assailants, when another police unit reported that they had detained some suspects and requested [the victim] to be brought to determine if they were the perpetrators. [The victim] immediately identified one of the suspects, Derrick McLaughlin, as one of her assailants, but denied that the second person detained had been involved. While [McLaughlin] was being taken to a patrol car, he called out to [Rosser], who was standing on the street, and who began to run away. The police officers pursued [Rosser], and after they apprehended him, [the victim] identified him as the second assailant. [Rosser] was arrested and was charged with [several crimes, including unlawful restraint and indecent assault].

A three-day jury trial commenced on October 25, 2011, at the conclusion of which, on October 27, 2011, the jury found [Rosser] guilty of unlawful restraint and indecent assault.

[Rosser] was not sentenced until June 15, 2012, when the trial court sentenced him to [an aggregate term of five to ten years of imprisonment. Rosser was also designated a sexually violent predator, and a lifetime registration requirement was imposed on him pursuant to Megan's Law.]

*Commonwealth v. Rosser*, 97 A.3d 795 (Pa. Super. 2014), unpublished memorandum at 1-3. Rosser filed a timely appeal to this Court. On February 7, 2014, we affirmed his judgment of sentence. *Id.* On July 29, 2014, our Supreme Court denied Rosser's petition for allowance of appeal. *Commonwealth v. Rosser*, 96 A.3d 1027 (Pa. 2014).

On October 30, 2014, Rosser filed a timely *pro se* PCRA petition. On June 4, 2015, the PCRA court appointed counsel, and, on April 28, 2016, PCRA

counsel filed an amended petition, in which Rosser raised multiple claims of ineffective assistance of counsel. On August 4, 2016, the Commonwealth filed a motion to dismiss. On October 7, 2016, the PCRA court issued Pa.R.Crim.P. 907 notice of its intent to dismiss Rosser's petition without a hearing. Rosser did not file a response. By order entered January 12, 2017, the PCRA court dismissed Rosser's petition. This timely appeal follows. Both Rosser and the PCRA court have complied with Pa.R.A.P. 1925.

Rosser raises the following issues in his brief:

  I.   Whether the [PCRA court] erred in denying [Rosser's] petition without a hearing on the issues raised in the amended PCRA petition regarding [trial counsel's] ineffectiveness.

  II.  Whether the [PCRA] court erred in not granting relief on the PCRA petition alleging [trial counsel] was ineffective.

Rosser's Brief at 8. We will address these claims together.

Our scope and standard of review is well settled:

In PCRA appeals, our scope of review is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party. Because most PCRA appeals involve questions of fact and law, we employ a mixed standard of review. We defer to the PCRA court's factual findings and credibility determinations supported by the record. In contrast, we review the PCRA court's legal conclusions *de novo.*

*Commonwealth v. Reyes-Rodriguez*, 111 A.3d 775, 779 (Pa. Super. 2015) (citations omitted). In addition, A PCRA petitioner's right to an evidentiary

hearing is not absolute. ***Commonwealth v. Barbosa***, 819 A.2d 81, 85 (Pa. Super. 2003). Rather, the PCRA court has discretion to dismiss a petition without a hearing when the court is satisfied that there are no genuine issues of material fact, the petitioner is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by further proceedings. ***Commonwealth v. Blakeney***, 108 A.3d 739, 750 (Pa. 2014). To obtain a reversal of a PCRA court's decision to dismiss a petition without a hearing, a PCRA petitioner must show that he has raised a genuine issue of material fact which, if resolved in their favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing. ***Id.***

Within his second issue, Rosser raises three separate challenges to trial counsel's effectiveness. To obtain relief under the PCRA premised on a claim that counsel was ineffective, a petitioner must establish, by a preponderance of the evidence, that counsel's ineffectiveness so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. ***Commonwealth v. Johnson***, 966 A.2d 523, 532 (Pa. 2009). "Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner." ***Id.*** This requires the petitioner to demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) counsel's act or omission prejudiced the petitioner. ***Id.*** at 533.

As to the first prong, "[a] claim has arguable merit where the factual averments, if accurate, could establish cause for relief." ***Commonwealth v. Stewart***, 84 A.3d 701, 707 (Pa. Super. 2013) (*en banc*). "Whether the facts rise to the level of arguable merit is a legal determination.'" ***Id.*** (citing ***Commonwealth v. Saranchak***, 866 A.2d 292, 304 n.14 (Pa. 2005).

As to the second prong of this test, trial counsel's strategic decisions cannot be the subject of a finding of ineffectiveness if the decision to follow a particular course of action was reasonably based and was not the result of sloth or ignorance of available alternatives. ***Commonwealth v. Collins***, 545 A.2d 882, 886 (Pa. 1988). Counsel's approach must be "so unreasonable that no competent lawyer would have chosen it." ***Commonwealth v. Ervin***, 766 A.2d 859, 862-63 (Pa. Super. 2000) (citation omitted). A petitioner asserting ineffectiveness based upon trial strategy must demonstrate that the "alternatives not chosen offered a potential for success substantially greater than the tactics utilized." ***Commonwealth v. Clark***, 626 A.2d 154, 157 (Pa. 1993). "We do not employ a hindsight analysis in comparing trial counsel's actions with other efforts he [or she] may have taken." ***Stewart***, 84 A.3d at 707. A PCRA petitioner is not entitled to post-conviction relief simply because a chosen strategy was unsuccessful. ***Commonwealth v. Buksa***, 655 A.2d 576, 582 (Pa. Super. 1995).

As to the third prong of the test for ineffectiveness, "[p]rejudice is established if there is a reasonable probability that, but for counsel's errors,

the result of the proceeding would have been different." **Stewart**, 84 A.3d at 707. "A reasonable probability 'is a probability sufficient to undermine confidence in the outcome.'" **Id.** (quoting **Commonwealth v. Rathfon**, 899 A.2d 365, 370 (Pa. Super. 2006).

Finally, when considering an ineffective assistance of counsel claim, the PCRA court "is not required to analyze these [prongs] in any particular order of priority; instead if a claim fails under any necessary [prong] of the ineffectiveness test, the court may proceed to that [prong] first." **Commonwealth v. Tharp**, 101 A.3d 736, 747 (Pa. 2014) (citations omitted). In particular, when it is clear that the petitioner has failed to meet the prejudice prong, the court may dispose of the claim on that basis alone, without a determination of whether the first two prongs have been met. **Commonwealth v. Travaglia**, 661 A.2d 352, 357 (Pa. 1995). Counsel cannot be deemed ineffective for failing to pursue a meritless claim. **Commonwealth v. Loner**, 836 A.2d 125, 132 (Pa. Super. 2003) (*en banc*).

Here, Rosser first claims that trial counsel was ineffective for failing to file a motion to suppress his pre-trial identification by the victim. According to Rosser, the victim's pre-trial identification of him in this case "was so unnecessarily suggestive and [conducive] to misidentification as to deny [him] his due process of law. An evidentiary hearing was necessary on this issue because [he] has presented a genuine issue of material fact[.]" Rosser's Brief at 15. We disagree.

With respect to the identification evidence, this Court has summarized:

> The purpose of a "one on one" identification is to enhance reliability by reducing the time elapsed after the commission of a crime. Suggestiveness in the identification process is but one factor to be considered in determining the admissibility of such evidence and will not warrant exclusion absent other factors. As this Court has explained, the following factors are to be considered in determining the propriety of admitting identification evidence: the opportunity of the witness to view the perpetrator at the time of the crime, the witness' degree of attention, the accuracy of his [or her] prior description of the perpetrator, the level of certainty demonstrated at the confrontation, and the time between the crime and confrontation. The corrupting effect of the suggestive identification, if any, must be weighed against these factors. Absent some special element of unfairness, a prompt "one on one" identification is not so suggestive as to give rise to an irreparable likelihood of misidentification.

***Commonwealth v. Wade***, 33 A.3d 108, 114 (Pa. Super. 2011) (citation omitted).

In disposing of Rosser's claim, the PCRA court explained:

> Although [Rosser] simply asserts, without sufficient specificity, that his identification was unduly suggestive, there is, however, nothing in the record to support this assertion. Not only did the [victim] promptly report the assault, she gave Officer Giulian a description of her assailants. Based on these descriptions, two suspects were taken into custody, one of whom was exonerated by the [victim]. Based on the actions of both [Rosser] and his co-defendant, [Rosser] was taken into custody and positively identified by the [victim] as the other of her two assailants. All of this taking place in less than ten minutes of Officer Giulian first encountering the [victim].
>
> In consideration of the above, even had trial counsel pursued a motion to suppress, the Court concludes that there would have been no chance of it succeeding. Counsel,

>therefore, cannot be faulted for his actions and [Rosser] has failed to meet his burden.

PCRA Court Opinion, 10/13/17, at 7 (citation omitted).  Our review of the record supports the PCRA court's conclusion.

Before an evidentiary hearing will be granted, a PCRA petitioner "must set forth an offer to prove at an appropriate hearing sufficient facts upon which a reviewing court can conclude that trial counsel may have, in fact, been ineffective."  **Commonwealth v. Begley**, 780 A.2d 605, 635 (Pa. 2001) (*quoting* **Commonwealth v. Pettus**, 424 A.2d 1332, 1335 (Pa. 1981).  Rosser made no such proffer.  Within his brief, he does not take issue with any of the relevant factors cited above in **Wade**, but rather, he asserts that there was no evidence that he matched the description originally given by the victim to the police, and that he was merely "sitting on the steps with his friends doing nothing suspicious or illegal."  Rosser's Brief at 18.[1]  Given these circumstances, the PCRA court did not err in dismissing this ineffectiveness claim without first holding an evidentiary hearing.  **See Commonwealth v. Clark**, 961 A.2d 80, 94 (Pa. 2008) (explaining that, in the absence of a sufficient proffer, a petitioner's bare assertions would inappropriately convert an evidentiary hearing into a "fishing expedition" for possible exculpatory evidence).

---

[1] Rosser does not claim that the police unlawfully detained him.

In his second claim of ineffectiveness, Rosser asserts that trial counsel failed "to contact and interview witnesses that would have been beneficial to [his] defense." Rosser's Brief at 19.

Because a decision to call a particular witness implicates matters of trial strategy, the failure to call a witness is not *per se* ineffective. ***Commonwealth v. Washington***, 927 A.2d 586, 599 (Pa. 2007). Rather, is the PCRA petitioner's burden to demonstrate that trial counsel had no reasonable basis for declining to call a witness to testify. ***Id.*** As our Supreme Court has summarized:

> When raising a claim of ineffectiveness for the failure to call a potential witness, a petitioner satisfies the performance and prejudice requirements of the ***Strickland*** test by establishing that: (1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial. To demonstrate ***Strickland*** prejudice, a petitioner must show how the uncalled [witness's] testimony would have been beneficial under the circumstances of the case. Thus, counsel will not be found ineffective for failing to call a witness unless the petitioner can show that the witness's testimony would have been helpful to the defense.

***Commonwealth v. Sneed***, 45 A.3d 1096, 1108-09 (Pa. 2012) (citations omitted).

The PCRA Court concluded that Rosser did not meet this burden:

> After a careful review of the record, the Court agrees with the Commonwealth that the proposed testimony of Ms. Venus Rawls and Ms. Glenda Rosser would have directly

> contradicted the trial testimony of Ms. Shuray Bosman, thus "rendering all accounts incredible." It cannot be fairly said that "the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial." [**Sneed**, **supra**.] To the contrary, the introduction of such contradictory testimony would certainly have been prejudicial to the defense. The Court finds that trial counsel's course of action in not presenting such contradictory testimony did not render his assistance constitutionally defect.

PCRA Court Opinion, 10/13/17, at 9.

Our review of the record supports the PCRA court's conclusions. At Rosser's trial, he presented the testimony of Ms. Bosman, his girlfriend, in support of his alibi defense. Within his brief, although Rosser claims that the testimony of these witnesses was "crucial," he does establish how their proposed testimony did not conflict with the alibi defense he presented at trial. Rosser's Brief at 19.[2] Once again, ineffectiveness claims are not self-proving. **See Begley**, **supra**. Thus, the PCRA court did not err in dismissing this claim without first holding an evidentiary hearing.

In his final claim, Rosser asserts that trial counsel was ineffective for failing to file a motion for reconsideration of his sentence. According to Rosser, he "suffered actual prejudice as a result of counsel's failure to file" the motion because he could not "appeal the sentence to the appellate courts." Citing our Supreme Court's decision in **Commonwealth v. Reaves**, 923 A.2d

_____

[2] Rosser disagrees with the PCRA court's conclusion that he did not substantially comply with 42 Pa.C.S.A. § 9545(d)(1). **See** Rosser's Brief at 15. Nevertheless, it is clear that the PCRA court did not dispose of Rosser's claim on this basis.

1119, 1131-32 (Pa. 2007), the PCRA court explained that in order for Rosser to establish "actual prejudice" he "must establish that there was a 'reasonable probability' that such a motion would have resulted in the reduction of his sentence." PCRA Court Opinion, 10/13/17, at 10. After reiterating the reasons it stated previously in support of his sentencing choice, the PCRA court stated that it found "nothing in the record that would prompt it to even remotely consider reducing [Rosser's] sentence." *Id.*

In **Reaves**, **supra**, our Supreme Court addressed whether a PCRA petitioner whose counsel failed to file a motion to reconsider sentence suffered prejudice. The Superior Court had "summarily concluded" that prejudice was presumed because counsel's inaction "effectively waived [Reaves'] right to challenge this issue on appeal." **Reaves**, 923 A.2d at 1123 (citing **Reaves**, 3190 EDA 2003, unpublished memorandum at 4-5).

Our Supreme Court disagreed. Instead, the Court held that a PCRA petitioner raising a claim of ineffectiveness regarding counsel's failure to file a motion for reconsideration must establish **actual** prejudice. **See Reaves**, 923 A.2d at 1130. Specifically, the Court held that a PCRA petitioner must show that filing the motion would have led to a more favorable sentence:

> The Commonwealth argues that the Superior Court's prejudice analysis misses the mark because the panel improperly focused on the effect of counsel's inaction upon the [**appeal**], rather than looking to the outcome of the underlying [proceeding] itself. The Commonwealth is correct. Although contemporaneous objections operate to preserve issues for appellate review, they serve an equally important function in **obviating** appeals by affording the trial court a timely opportunity to correct mistakes and/or

to reconsider decisions. Whether [counsel] can be deemed ineffective, then, depends upon whether [ a defendant] has proven that a motion to reconsider sentence if filed . . . would have led to a different and more favorable outcome at [sentencing]. In this context, the only way the proceeding would have been more favorable would be if counsel's objection secured a reduction in the sentence. The Superior Court panel erred as a matter of law in failing to appreciate the actual focus of the [actual] prejudice standard.

**Reaves**, 923 A.2d at 1131-32 (emphasis in original; footnote omitted). Our Supreme Court further concluded that Reaves did not establish actual prejudice, since "[on] this record, there is no reason to believe that, if only counsel had asked for a statement of reasons for the sentence at [the time of sentencing], that statement or explanation alone would have led the court to reduce the sentence"). **Id.** at 1132.

Here, we agree with the PCRA Court that Rosser failed to establish actual prejudice. Our Supreme Court in **Reaves** rejected a PCRA petitioner's claim of actual prejudice based merely upon counsel's failure to preserve an appellate issue. Moreover, although Rosser noted that this was his first adult offense, that the sentence was "well above the guidelines," and that he received consecutive maximum sentences for his crimes, Rosser did not develop a challenge to the discretionary aspects of his sentence. **Compare Reaves**, 923 A.2d at 1132-33 (remanding so that this Court may address additional claims of ineffective assistance Reaves raised involving the discretionary aspects of the sentence imposed). Given these circumstances,

the PCRA court did not err in dismissing Rosser's final claim of ineffectiveness without a hearing.[3]

In sum, the PCRA court correctly determined that Rosser did not establish any of his claims of trial counsel's ineffectiveness, and the PCRA court properly dismissed his amended PCRA petition without a hearing. We therefore affirm the PCRA court's order denying post-conviction relief.

Order affirmed.

Judge Dubow joins in this Memorandum.

President Judge Gantman concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/18/18

---

[3] We further note that, Rosser was designated a sexually violent predator (SVP) in 2012 and his judgment of sentence became final in October 2014, which predated a panel decision by this Court, on October 31, 2017, finding the SVP process unconstitutional. **See generally**, **Commonwealth v. Butler**, 173 A.3d 1212 (Pa. Super. 2017). Since that decision was not retroactive, we need not address Rosser's SVP designation.